**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| GEORGE TYRONE DUNLAP, JR., ) | Case No.: 2:06-cv-00800-RLH-RJJ |
| ) | |
| Plaintiff, ) | **O R D E R** |
| ) | |
| vs. ) | (Motion for Summary Judgment–#65) |
| ) | |
| SHERIFF BILL YOUNG; LVMPD OFFICERS ) B. PAUL AND J. RICHTER; OFFICERS A. ) GONZALES AND M. ROBERTSON; ) OFFICERS CAPT. ROGAN AND DAVID ) SWIEKART; REP OF STATE D.A. LISA ) LUZAICH REGO, ) ) Defendants. ) _____ ) | |

Before the Court is Plaintiff's **Motion for Summary Judgment** (#52), filed February 21, 2007. The Court has also considered Defendants Sheriff Bill Young ("Young"), Officer J. Richter ("Richter"), Officer B. Paul ("Paul"), Alex Gonzales ("Gonzales") and Sgt. M. Robertson's ("Robertson") (collectively "Defendants") Opposition (#57), filed March 12, 2007, and Plaintiff's Reply (#69), filed March 28, 2007.

**BACKGROUND**

This Court's order (#67) of March 22, 2007, granted in part and denied in part Defendants' motion to dismiss (#33). Prior to entry of the Court's dismissal order, Plaintiff filed

1

AO 72
(Rev. 8/82)

1  the current Motion for Summary Judgment. The only claims against Defendants that survived the
2  dismissal order were Plaintiff's Eighth amendment claims as to Defendants Richter, Paul, and
3  Gonzales. As such, the Court only addresses these remaining claims in Plaintiff's Motion for
4  Summary Judgment.
5  This case arises out of an alleged attack on Plaintiff while an inmate at the Clark
6  County Detention Center. The Court does not restate the lengthy background but refers the parties
7  to its dismissal order. The pertinent background as to individual Defendants is reiterated below.
8  The Court denies Plaintiff's Motion for Summary Judgment because he has failed
9  to establish the absence of material questions of fact as to any of the remaining Defendants.

## DISCUSSION

11  Summary judgment "shall be rendered forthwith if . . . there is no genuine issue as
12  to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R.
13  Civ. P. 56(c). The moving party for summary judgment has the initial burden of showing the
14  absence of a genuine issue of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157
15  (1970). "A material issue of fact is one that affects the outcome of the litigation and requires a
16  trial to resolve the parties' differing versions of the truth." *S.E.C. v. Seaboard Corp.*, 677 F.2d
17  1301, 1306 (9th Cir. 1982). All justifiable inferences are to be drawn in favor of the non-movant.
18  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

19  **Defendant Richter**

20  Plaintiff alleges that Richter violated his Eighth Amendment rights because he was
21  fully advised of Plaintiff's housing status and high risk of physical assault at the hands of other
22  inmates. Despite this knowledge, Richter allegedly released a dangerous inmate from his cell,
23  advised the inmate that Richter would open the Plaintiff's cell door, and allowed the inmate to
24  construct deadly weapons. Thereafter, Richter allegedly opened Plaintiff's cell door and allowed
25  the inmate to physically assault the Plaintiff. These allegations state a claim upon which relief
26  may be granted. However, they are not established as facts for summary judgment merely by

Plaintiff's continued and confident assertions. Furthermore, Richter's affidavit contradicts Plaintiff's assertions. As such, the Court finds that Plaintiff has not established the absence of genuine issues of material fact. Therefore, the Motion for Summary Judgment will be denied as to Richter.

**Defendant Paul**

Plaintiff alleges that Paul is liable because he was also aware of Plaintiff's housing status and high risk of physical assault at the hands of other inmates. Though not completely clear from the Second Amended Complaint, Plaintiff appears to allege that Paul was on duty at the time Plaintiff was assaulted and that Paul somehow assisted Richter in giving the inmate access to Plaintiff's cell. Additionally, after the attack, Paul allegedly ignored Plaintiff's need for immediate medical attention and joined Richter in attempting to dissuade Plaintiff from filing a grievance, bribing Plaintiff with extra privileges, and physically threatening the Plaintiff if he failed to comply. Once again, the alleged actions could support a finding that Paul violated Plaintiff's constitutional rights. However, Plaintiff's continuous assertions of the same allegations do not sufficiently establish the absence of material fact for summary judgment purposes. These allegations are also contradicted by Paul's affidavit. Therefore, the Motion for Summary Judgment will be denied as to Paul.

**Defendant Gonzales**

Plaintiff asserts that Gonzales is liable because he was aware of and disregarded an excessive risk to Plaintiff's safety. Plaintiff has alleged that Gonzales advised him that he would be placed in "Strict Protective Custody" at the CCDC because of Plaintiff's service as a witness for the state in a double homicide case. However, Plaintiff contends that he was actually placed in "Disciplinary Housing," which allegedly housed gang members that wanted to physically harm Plaintiff. Due to Plaintiff not being placed in "Strict Protective Custody" as allegedly promised by Gonzales, Plaintiff advised Gonzales of a perceived risk of serious physical harm, but neither Gonzales nor any other CCDC official moved Plaintiff to a different location. Additionally,

Gonzales allegedly failed to move Plaintiff to a safer location after assuring Rego that he would do so. Although Plaintiff does not allege that Gonzales personally participated in the physical assault, Plaintiff does allege that Gonzales knew of and disregarded an excessive risk to Plaintiff's health and safety. Therefore, the Court found that a claim has been adequately made against Gonzales; however, there are still questions of material fact. For example, Plaintiff has submitted no evidence of Gonzales' ability to actually make the changes that Plaintiff alleges should have been made; also, there is no evidence save Plaintiff's own testimony that Gonzales had any connection to this alleged incident. Allegations do not sufficiently establish facts for summary judgment purposes, and no other supporting evidence to suggests the absence of material facts in this case as to Gonzales' involvement. As such, the Motion for Summary Judgment will be denied as to Defendant Gonzales as well.

**Other Defendants**

The Motion for Summary Judgment is a collection of allegations. As such, it does not establish an absence of material issues of fact as to any served or potential Defendant in this case. Therefore, the Motion for Summary Judgment will be denied in its entirety.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (#52) is DENIED.

Dated: April 18, 2007.

_____
**ROGER L. HUNT**
**Chief United States District Judge**